IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SARA WHITE,

    Plaintiff,

v.                                                    Civil Action No. 5:08CV180
                                                               (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The plaintiff, Sara White, filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, alleging disability beginning on June 5, 2005, due to "degenerative disc disease" and depression.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on February 22, 2008, before Administrative Law Judge ("ALJ") Alan J. Sacks. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert Agnes Gallen. On March 15, 2008, the ALJ issued a decision finding that other light work existed in the national economy that the plaintiff could perform. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C.

§ 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On October 6, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ's credibility analysis does not comply with the specific and detailed two-step procedure established in SSR 96-7p. The Commissioner contends that the plaintiff's argument lacks merit, that the ALJ properly assessed the plaintiff's credibility according to the regulation governing the evaluation of subjective complaints, and that the Commissioner has met his burden of producing vocational evidence of other work that the plaintiff could perform in the national economy that accommodates her limitations.

Magistrate Judge Joel issued a report and recommendation, in which he discussed the five-step sequential evaluation process that the ALJ utilized to determine whether the plaintiff was disabled and therefore entitled to disability insurance benefits.[1] The magistrate judge noted that the parties do no dispute the ALJ's findings in Steps One, Two, and part of Step Three. Step Three of

---

[1] This evaluation process consists of the following five steps: (1) determine whether the plaintiff is engaging in substantial gainful activity; (2) determine whether the plaintiff has a severe impairment; (3) determine whether the plaintiff has "listed" impairments; (4) compare residual functional capacity assessment to determine whether the plaintiff can perform past relevant work; and (5) consider residual functional capacity assessment, age, education, and work experience to determine if the plaintiff can perform any other work. Before proceeding to Step Four, an ALJ must undertake an assessment of the plaintiff's residual functional capacity. See 20 C.F.R. § 404.1520.

the evaluation process requires that the ALJ first determine whether the plaintiff has a "listed" impairment. The ALJ in this case found that the defendant did not meet the listed criteria, and these findings are not in dispute. Should the ALJ find no "listed" impairment, the second part of Step Three requires the ALJ to determine the plaintiff's residual functional capacity based upon the medical evidence of record, the claimant's testimony, and her credibility.[2]

The plaintiff asserts that the ALJ erred in his credibility analysis because he failed to comply with this two-step procedure. The magistrate judge reviewed the record and held that the ALJ correctly applied the two-step process and considered the factors enumerated in SSR 96-7p, 20 C.F.R. §§ 404.1529 and 416.929, in evaluating the plaintiff's credibility. Although the plaintiff claims that the ALJ did not make a finding as to the first step of Step Three, whether there is a medically-determinable impairment that could reasonably be expected to cause the symptoms alleged, the magistrate judge held that the ALJ clearly found ". . . five severe impairments, degenerative disease of the cervical spine, COPD, obesity, major depression and an anxiety disorder . . . ." Furthermore, the ALJ made detailed findings regarding these impairments when he found that none of them qualified as a "listed" impairment.

---

[2]Pursuant to 20 C.F.R. § 416.945, "residual functional capacity" is a determination of the claimant's remaining capacity to perform work-related activities despite an impairment.

Next, in the second step of Step Three, to what extent the symptoms limit the plaintiff's ability to do basic work activities through evaluation of the intensity, persistence, and limiting effects of the individual symptoms, the magistrate judge found that the ALJ weighed the plaintiff's testimony and found it inconsistent with the record. Rather, the magistrate judge determined that the ALJ's consideration of the degree to which the plaintiff's subjective complaints are consistent with the "objective evidence and other evidence" is entirely consistent with the record and is authorized by the regulation. Thus, the magistrate judge held that the ALJ correctly applied the necessary two-step process.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that

5

the Commissioner's decision that the plaintiff was not disabled on or before her last date insured is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. <u>Conclusion</u>

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: November 9, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE